

FILED
JAMES BONINI
CLERK

09 MAR 12 PM 4:19

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| R+L CARRIERS, INC.<br>600 Gillam Road<br>Wilmington, Ohio 45177, | ) ) ) ) | CASE NO: _____<br>**1:09CV180** |
| Plaintiff, | ) | JUDGE ___WEBER, J.___ |
| vs. | ) ) ) | Jury Demand Endorsed Herein |
| SMARTLOGIX<br>10306 Barberville Road<br>Ft. Mill, SC 29715 | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

R+L Carriers, Inc. ("R+L") states the following for its complaint against SMARTLogix.

### Nature of the Action

1. This is an action for patent infringement in violation of 35 U.S.C. § 271(b) and (c).

### Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has general personal jurisdiction over SMARTLogix because of its continuous and systematic contacts with the State of Ohio. On its website, SMARTLogix acknowledges that it does significant business with Great Lakes Petroleum, an active Ohio corporation with at least ten locations throughout the state of Ohio. In addition, SMARTLogix acknowledges on its website that it maintains partnerships with entities that, upon information

and belief, conduct substantial business in the state of Ohio, including, but not limited to, Motorola, AT&T, and Dell. Upon information and belief, SMARTLogix's partnerships with these entities include business activity within the state of Ohio.

4. Upon information and belief, this Court has specific personal jurisdiction over SMARTLogix because it has caused and induced others, including, but not limited to, Great Lakes Petroleum, to use its SMARTruck device within the state of Ohio in a manner that infringes on a patent owned by R+L, causing R+L harm and tortious injury in this judicial district.

5. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### The Parties

6. R+L is a corporation organized and existing under the laws of the State of Ohio, and has its principal place of business at 600 Gillam Road, Wilmington, Ohio 45177.

7. Upon information and belief, SMARTLogix is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business at 10306 Barberville Road, Ft. Mill, South Carolina 29715.

### The Infringed Patent

8. The United States Patent and Trademark Office duly and legally issued United States Patent No. 6,401,078 B1 ("the '078 Patent") entitled "Bill of Lading Transmission and Processing System for Less Than a Load Carriers" on June 4, 2002. A copy of the '078 Patent is attached as Exhibit A.

9. The '078 Patent claims a process directed to the transfer of shipping documentation for a package (freight) to a processing center. In particular, documentation for a

package is scanned and transmitted wirelessly to a remote processing center. The processing center then prepares a loading manifest that includes the package, prior to the package being removed from the transporting vehicle.

10. R+L owns all right, title and interest in the '078 Patent via assignment.

### Actions Giving Rise to this Complaint

11. SMARTLogix provides technological and digital solutions to its customers in the trucking industry to improve their administrative efficiency.

12. Upon information and belief, SMARTLogix markets an application known as the SMARTruck. On its website, SMARTLogix advertises the SMARTruck as a "feature-rich, real-time solution for processing orders, managing dispatch functions and digitally capturing delivery information." The SMARTruck provides a constant-stream of real-time information between the driver and dispatcher, including live onboard inventory tracking. SMARTLogix specifically promotes the SMARTruck as being able to capture and transmit bills of lading digitally as loading and deliveries are completed.

13. Upon information and belief, SMARTLogix has sold the SMARTruck to Great Lakes Petroleum enabling Great Lakes Petroleum to wirelessly transmit bills of lading from its trucks to the back office wherein it manages the processing of orders and dispatch functions.

14. On or about September 24, 2008, R+L sent to SMARTLogix a cease and desist letter regarding its sale of the SMARTruck device ("Cease and Desist Letter"). The Cease and Desist Letter advised SMARTLogix that R+L is the owner of the '078 Patent, and enclosed a copy of the '078 Patent. The Cease and Desist Letter informed SMARTLogix that R+L was aware that SMARTLogix was promoting and selling the SMARTruck device, and "promoting the use of the device to motor carriers to remotely transmit shipping documents from a vehicle to

3

a remote processing facility." After advising SMARTLogix that R+L aggressively protects its valuable intellectual property rights, the Cease and Desist Letter requested that SMARTLogix provide R+L with sufficient information regarding SMARTLogix's product to allow R+L to dispel its concerns of infringement.

15. SMARTLogix did not respond to the Cease and Desist Letter, and failed to refute R+L's concerns of infringement.

16. Thus, upon information and belief, SMARTLogix is willfully contributing to and actively inducing the infringement of the '078 Patent by marketing and selling the SMARTruck, and encouraging motor carriers to use the SMARTruck device to remotely transmit shipping documents from onboard a motor vehicle to a remote processing facility. There, a loading document is prepared that includes the further transport of goods on another vehicle. SMARTruck does so without leave or license of R+L, and in violation of R+L's rights. Upon information and belief, SMARTLogix will continue to do so unless enjoined by this Court.

## COUNT I— CONTRIBUTORY INFRINGEMENT

17. R+L repeats and realleges the allegations contained in paragraphs 1-16 above as if fully set forth herein.

18. Despite its awareness of the '078 Patent, SMARTLogix knowingly sells and offers to sell its SMARTruck device to customers who use it in conjunction with other applications and processes, and in a manner that infringes on the patented process claimed in the '078 Patent. SMARTLogix's conduct amounts to contributory infringement in violation of 35 U.S.C. § 271(c).

19. Upon information and belief, SMARTLogix has profited and will continue to profit from contributing to the infringement of the '078 Patent.

20. The actions of SMARTLogix with regard to contributing to the infringement of the '078 Patent has caused and will continue to cause R+L substantial and irreparable injury, for which R+L is entitled to receive injunctive relief and adequate compensatory damages.

21. Further, the actions of SMARTLogix with regard to contributing to the infringement of the '078 Patent are willful such that R+L is entitled to treble damages under 35 U.S.C. § 384.

## COUNT II—ACTIVE INDUCEMENT OF INFRINGEMENT

22. R+L repeats and realleges the allegations contained in paragraphs 1-21 above as if fully set forth herein.

23. Upon information and belief, despite its awareness of the '078 Patent, SMARTLogix knowingly encourages and intends for its customers to use the SMARTruck device in conjunction with other applications and processes, and in a manner that infringes on the patented process claimed in the '078 Patent. SMARTLogix's conduct amounts to active inducement of infringement in violation of 35 U.S.C. § 271(b).

24. Upon information and belief, SMARTLogix has profited and will continue to profit from actively inducing the infringement of the '078 Patent.

25. The actions of SMARTLogix with regard to actively inducing the infringement of the '078 Patent has caused and will continue to cause R+L substantial and irreparable injury, for which R+L is entitled to receive injunctive relief and adequate compensatory damages.

26. Further, the actions of SMARTLogix with regard to actively inducing the infringement of the '078 Patent are willful such that R+L is entitled to treble damages under 35 U.S.C. § 284.

## Demand for Relief

WHEREFORE, R+L respectfully requests that this Court enter judgment as to both counts as follows:

A. Declare that R+L is the owner of the '078 Patent and that the '078 Patent is valid and enforceable;

B. Preliminarily and permanently enjoin SMARTLogix, its employees and agents, and any others acting in concert with SMARTLogix, from contributing to and/or actively inducing the infringement of the '078 Patent;

C. Award R+L its damages resulting from SMARTLogix's contribution to and active inducement of the infringement of the '078 Patent;

D. Award R+L treble damages pursuant to 35 U.S.C. § 284 as a result of the willfulness of SMARTLogix in contributing to and actively inducing the infringement of the '078 Patent;

E. Declare that the nature of the infringement of SMARTLogix is "exceptional" pursuant to 35 U.S.C. § 285 and award R+L its costs and attorney fees; and

F. Grant R+L such other relief as is just and proper.

## Jury Demand

R+L demands a trial by jury to the extent permitted by applicable law.

*Anthony White /EMA*
Anthony C. White (0062146)

Respectfully submitted,

*Anthony White*/EMA
Anthony C. White    (0062146)
O. Judson Scheaf, III    (0040285)
Philip B. Sineneng    (0083406)
THOMPSON HINE LLP
41 South High Street, Suite 1700
Columbus, Ohio 43215-6101
Tel:  (614) 469-3200
Fax:  (614) 469-3361
Tony.White@ThompsonHine.com
Jud.Scheaf@ThompsonHine.com
Philip.Sineneng@ThompsonHine.com

Megan D. Dortenzo    (0079047)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Tel:  (216) 566-5500
Fax:  (216) 566-5800
Megan.Dortenzo@ThompsonHine.com

*Attorneys for Plaintiff R+L Carriers, Inc.*

608882